Eastern District of Kentucky
**FILED**

JUN 29 2006

AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

JAMES R. JOHNSON, )
)
Plaintiff, )
)
-vs- ) Case No.: 06-131-DLB
)
CSX TRANSPORTATION, INC. )
a corporation, ) TRIAL BY JURY DEMANDED
)
Defendant. )

## COMPLAINT

The plaintiff, JAMES R. JOHNSON, by his attorneys, Robert E. Harrington, Jr., Patrick J. Harrington and Daniel W. Pisani of Harrington, Thompson, Acker & Harrington, Ltd. complaining of defendant, CSX TRANSPORTATION, INC., a corporation (hereinafter "CSXT"), states:

1. Jurisdiction of this court is invoked under the provisions of 45 U.S.C. § 56 and 28 U.S.C. § 1331.

2. The defendant, CSXT, is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Southern District of Ohio, and is subject to service of process and to the jurisdiction of this court.

3. At the time of the accident and injury alleged herein, plaintiff was employed by defendant as a conductor, and his duties as such were in furtherance of interstate commerce for defendant. At said time, both plaintiff and defendant were subject to the Act of Congress known as the Federal Employer's Liability Act, 45 U.S.C. §51 *et seq.*, amendments thereto.

4. That on or about January 5, 2005, plaintiff was injured while working for defendant at or near the City of Glencoe in the State of Kentucky.

5. At said place and time, plaintiff was assigned by defendant CSXT to work as a conductor on train number Q231-03. In the course of performing his duties, plaintiff and his crew were transporting a train from Cincinnati, Ohio to Louisville, Kentucky. As the train entered a tunnel near Glencoe, Kentucky, the train collided with rocks, mud and other debris that had collapsed inside the tunnel. The collision caused the plaintiff to be thrown about the inside of the locomotive in which he was riding and thereby caused him to sustain physical injuries.

6. At the time and place alleged, the tunnel, the railroad operations, the train movement, the person or persons supervising, monitoring, directing and controlling train movements and all of the devices and facilities involved in the train movements were under the management, supervision, direction and control of, and in the exclusive possession of defendant.

7. Plaintiff was acting at all times alleged herein within the scope of his employment and in furtherance of defendant's business, and it was defendant's duty to exercise ordinary care to furnish plaintiff with a reasonably safe place in which to work; to exercise ordinary care to use reasonably safe methods in its railroad operations; to properly inspect the tunnel; to properly maintain the tunnel; to have heeded reports and complaints of employees regarding the conditions of the tunnel; and to have warned plaintiff so as to avert a collision and injury to plaintiff.

8. Notwithstanding its aforementioned duties, defendant was careless and negligent in one or more of the following particulars and thereby contributed in whole or in

part to cause injuries to plaintiff:

 a. In that the tunnel, the railroad operations and movements on the tracks, the train and the persons directing and controlling the railroad operations and movements on the tracks and all of the appliances, facilities and devices involved in the railroad operation and movements on the tracks, being under the management, maintenance, operation and control of and in the exclusive possession of defendant, were so managed, maintained operated and controlled that train number Q231-03 collided with rocks, mud and other debris that had collapsed inside the tunnel and accidents of the nature described herein do not occur in the ordinary course of events if defendant had used ordinary care, such that, from the circumstances alleged herein, an inference of negligence under the doctrine of *res ipsa loquitur* arises;

Or, in the alternative:

 b. In failing to provide Plaintiff with a safe place to work;

 c. In failing to exercise ordinary care to use reasonably safe methods in its railroad operations;

 d. In failing to supervise, coordinate and control railroad operations in a safe manner;

 e. In permitting and not preventing the movement of a train into a tunnel that had collapsed;

 f. In failing to properly inspect the subject tunnel;

 g. In failing to adequately maintain the subject tunnel;

 h. In failing to heed employee complaints regarding the condition of the subject tunnel and in failing to take remedial measures to correct same;

 i. In failing to properly train and/or supervise its employees who were charged with the inspection and maintenance of the subject tunnel;

 j. In failing to warn plaintiff so as to avert a collision and consequent injury to plaintiff.

9. Plaintiff sustained personal injuries, disability, pain and suffering, medical expenses, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the careless and negligent acts and omissions of defendant.

WHEREFORE, the plaintiff, JAMES R. JOHNSON, prays for judgment against the defendant, CSXT, in a dollar amount sufficient to satisfy the jurisdictional limitations of this court, plus whatever additional amount the court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

Respectfully submitted,

Robert E. Harrington, Jr.
Patrick J. Harrington
Daniel W. Pisani
Attorneys for Plaintiff

Harrington, Thompson, Acker & Harrington, Ltd.
180 North Wacker Drive, Third Floor
Chicago, Illinois 60606
Phone (312) 332-8811
Fax (312 332-2027
E-mail: htah@harringtonlaw.com